## NATIONAL BANK OF LIMA v SQUIRE

Ohio Appeals, 3rd Dist, Allen Co

No 677. Decided March 5, 1936

Raymond H. Adkins, Lima, and M. A. Atmur, Lima, for plaintiff.

John L. Cable, Lima, for defendants.

## OPINION

By GUERNSEY, J.

This case comes before this court on appeal from the Court of Common Pleas of Allen County, Ohio.

This is an action brought by The National Bank of Lima, Lima, Ohio, trustee under the last will and testament of Ella E. Patterson, deceased, as plaintiff, against S. H. Squire, Superintendent of Banks for the State of Ohio, in charge of the liquidation of The Lima First American Trust Company; The Lima First American Trust Company and Harry S. Day, treasurer of the State of Ohio, as defendants, to compel the allowance of two deposit accoun.s of The Lima First American Trust Company, trustee under the will of Ella E. Patterson, deceased, with said The Lima First American Trust Co., which were transferred by The Lima First American Trust Company, trustee under said will, to The National Bank of Lima, Lima, Ohio, as successor trustee under said will, as preferred claims against all the assets of said The Lima First American Trust Company, a closed bank, in the custody of said Superintendent of Banks in charge of the liquidation of said Trust Company, and as a lien on the fund deposited by said Trust Company with the Treasurer of the State of Ohio, pursuant to the provisions of old §710-150, GC, which has been de'ivered to said Superintendent of Banks by .he Treasurer and is now held by him.

A demurrer of the defendant Harry S. Day, Treasurer of the State of Ohio, was sustained in the Common Pleas Court and final judgment entered thereon dismissing him from said action.

After said cause came into this court an order was entered therein that disposition of the cause be deferred to permit the minor beneficiaries of the testamentary trust to have the rights preserved to them by **Subdivision (e) of §10506-40 GC**, adjudicated in Probate Court, and to permit such adjudication, when made, to be pleaded by the plaintiff in this court. Following the making of such order, the plaintiff filed its supplemental petition in this court wherein it is alleged, among o.her things, that on January 2, 1936, Lee G. Van Blargen was appointed guardian ad litem for the minor beneficiaries under the will of Ella E. Patterson, deceased; that exceptions to the second and final account of S. H. Squire, Superintendent of Banks of Ohio, in charge of the liquidation of The Lima First American Trust Company, trustee U/W of Ella E. Patterson, deceased, were filed by said guradian ad litem in the Probate Court of Allen County, Ohio; that a hearing was had on said exceptions and a finding made by the court that the investment in a savings account of $517.58 (being one of the deposit accounts described in the petition) of the funds of the estate by the defendants was illegal; that the sum of $85.75 on deposit in the uninvested trust fund account of the defendan.s' bank in its commercial department (being the other deposit account described in said petition) was not an unreasonable amount of money to keep on hand to defray possible expenses of the administraton of said estate, and that there is due and owing to The National Bank of Lima, as successor trustee U/W of Ella E. Patterson, deceased, the sum of $517.58, to be administered as a part of the trust estate for the benefit of the minor beneficiaries.

A certified copy of the journal entry of the Probate Court incorporating such findings and judgment is attached to the supplemental petition, which shows that Ruth Aiken and Walter Aiken are the minor beneficiaries under the last will and testament of said Ella E. Patterson.

No pleading was filed by the defendants to the supplemental petition and the allegations thereof are therefore taken to be true. Counsel for the par.ies after the filing of said supplemental petition filed in this court in this cause a stipulation that no error proceedings will be prosecuted from the finding of the Probate Court of Allen County on said excepcions, and the cause was then submitted to this court by the parties upon the original and supplemental proceedings, and transcript of the evidence upon the trial of this case in the Court of Common Pleas, and the stipulation of fact of the parties filed there-

in. The stipulation agreed to by the parties is as follows:

"1. It is agreed that the plaintiff is a banking corporation organized and existing under and by virtue of the laws of the United States of America and qualified to carry on a trust business under the laws of the State of Ohio.

"2. That on July 19, 1934, by consideration of the Probate Court of Allen .County, Ohio, said plaintiff was appointed successor trustee for the trust created under the will of Ella E. Patterson, deceased, succeeding The Lima First American Trust Company, Trustee, resigned, and that said plaintiff has qualified as trustee and is now acting in such capacity.

"3. That The Lima First American Trust Company is a corporation organized and existing under the banking laws of the State of Ohio and was duly appointed and qualified as trustee of said trust.

"4. That Ella E. Patterson created a trust estate by will, plaintiff succeeding The Lima First American Trust Company as trustee of said estate.

"5. That the will of Ella E. Patterson creating said trust estate, a true copy of which is hereto attached and marked Exhibit A, contains the provision:

" 'My said trustee hereinbefore appointed to hold and keep on interest the share of my estate so bequeathed to it as trustee for said niece and nephew and manage and invest and re-invest the same until such trust, etc.,'

"6. That on September 9, 1933, the then Supt. of Banks of Ohio took possession of the property and assets of The Lima First American Trust Company and S. H. Squire, the duly qualified and acting Supt. of Banks of the State of Ohio is as such still liquidating such property and assets.

"7. That The Lima First American Trust Company was closed by action of the Board of Directors at the close of business on February 24, 1933, and was placed in the hands of a Conservator appointed by the Supt. of Banks on April 10, 1933.

"8. That on June 30, 1934, the Probate Court of Allen County, Ohio, accepted the resignation of Ira J. Fulton, on behalf of himself and on behalf of The Lima First American Trust Company as said trustee and ordered said trustee to file his account within thirty days.

"9. That said Supt. of Banks filed a second and final account, as above directed, on July 23, 1934.

"10. That no exceptions have been filed to said account.

"11. That plaintiff duly filed claim for preference with this defendant Supt. of Banks and the same was duly rejected as averred in the petition.

"12. That as a part of the assets of said trust estate the defendant turned over to the plaintiff an assignment, dated July 20, 1934, of I. J. Fulton, Supt. of Banks, of all his interest in and to savings account No. 32075 in The Lima First American Trust Company, balance September 9, 1933, of $517.58; and an assignment dated July 20, 1934, of I. J. Fulton, Supt. of Banks, of all his interest in and to the restricted amount of funds belonging to the trust estate of Ella E. Patterson, deceased, deposited in the uninvested trust fund account of The Lima First American Trust Company in its commercial department, in the sum of $85.75.

"13. That the cash on hand in the bank at the close of business on February 24, 1933, was $67,863.90; that the lowest amount of cash on hand at any time after February 24, 1933, was $14,848.90; and that the cash on hand at the time the Supt. of Banks took charge for liquidation was $41,-300.21."

This stipulation is supplemented by the testimony of William R. Foulks and M. A. Sullivan in the trial court.

The evidence discloses that the trust res consisted originally of checks received by the trustee from the sale of property of Ella Patterson, twelve hundred dollars of the amount represented by such checks having been credited by The Lima Trust Company as a deposit to its account as such trustee under date of February 24, 1930, in Savings Account Number 32075 of said bank. Later, when The Lima Trust Company sold its property and assets to The Lima First American Trust Company, another corporation, The First American Trust Company was appointed trustee and this account was continued by The Lima First American Trust Company as such trustee in the same savings account.

After the Superintendent of Banks of Ohio took possession of the property and assets of The Lima First American Trust Company, The National Bank of Lima was appointed by the Probate Court of Allen County, Ohio, as the successor trustee; final account of the trust was prepared and filed by the Superintendent of Banks of Ohio on behalf of The Lima First American Trust Company, of the administration of said trust. Mr. W. R. Foulks, who had been the trust officer of The Lima Trust Company and later of The Lima First

American Trust Company, and thereafter of The National Bank of Lima, was familiar with the complete administration of said trust, and had in his possession on or about the date said final account was filed in Probate Court a copy of the same.

The cause originally came on for hearing in the Probate Court in case No. 15735 on the final account of The Lima First American Trust Company as trustee, and upon such hearing the court entered the following order on its journal No. 11, at page 414:

"SETTLEMENT JOURNAL ENTRY, and afterwards, to-wit: On the 5th day of September A.D. 1934, the court made and caused to be spread upon the Settlement Journal an 'entry' which reads and is in the words and figures following to-wit:

The Lima First American Trust Company Trustee of the trusteeship of Ruth and Walter Aiken, under the will of Ella E. Patterson, deceased, having on the 23rd day of July, A.D. 1934, filed in this court its second and final account. Notice of the filing and of the time of hearing said account having been given for not less than three weeks prior thereto by publication in the Lima News, a newspaper of said county, said account is now here heard, whereupon the court finds that said trustee chargeable with the estate of said decedent in the amount of $154.13 and it is entitled to credits in the sum of $154.13, balance due said estate, nothing, paid final receipt filed herein, and the court upon careful examination of said account finds the same to be in all respects true and correct and the same is hereby approved and confirmed and ordered filed and recorded and said trustee is hereby relieved and discharged from said trust and its bondsmen released from any further liability thereon on its said bond. Raymond P. Smith, Probate Judge."

The plaintiff claims that it is entitled to preferential payment of the claims set forth in the petition and supplemental petition on two grounds, the first one being, that the two deposits referred to in the petition were wrongfully made in violation of the duties of the trustee and that a trust resulted in its favor in the cash coming into the hands of the Superintendent of Banks in charge of liquidation of the Trust Company; and the second one being that it is entitled to a lien on the $100,000 fund deposited by the Trus. Company with the Treasurer of the State pursuant to the provisions of old §710-150 GC

by reason of the failure of the Trust Company as trustee to account to and pay over to its successor trustee, the plaintiff herein, the sums deposited by the original trustee the amount of the larger of which was found due from the original trustee to the successor trustee on the exceptions filed by the guardian ad litem of the minor beneficiaries to the final account of the trustee.

We will consider these contentions in the order mentioned.

1. The Lima Trust Company was original trustee under said will. The funds of the trust received by it were by way of checks, twelve hundred dollars of the amount represented by which was credited as a deposit to its account as trustee. The evidence fails to show whether cash or bank credits were derived from the checks received by it evidencing the trust fund. It sold its property and assets to The Lima First American Trust Company who was then duly appointed as and became its successor trustee.

In order for the plaintiff to establish a trust on the cash funds coming into the hands of the Superintendent of Banks in charge of The Lima First American Trust Company for the purpose of liquidation, the burden was on the plaintiff to prove that the original deposits of the trust fund were in the form of cash. This it has failed to do as the evidence discloses that the original payments were made to the original trustee by way of check and it has not shown that any cash was derived from those checks out of which the deposit was credited. As the original deposits are not shown to have been made in cash or to have been converted into cash they cannot be traced into the cash funds coming into the hands of the Superintendent of Banks, under the rule announced by this court in the case of **The Huntington National Bank of Columbus, Ohio, Trustee v Fulton, Superintendent of Banks et**, 49 Oh Ap, 268 at pages 278-282, (17 Abs 711; 19 Abs 610) and by the United States Supreme Court in the case of Jennings, Receiver v U. S. F. & G. Co., Supreme Court Law Ed., Advance Opinions, Vol. 79, No. 7, the plaintiff is not on account of either deposit entitled to a lien on the cash funds coming into the hands of the Superintendent of Banks.

2. Whether the plaintiff is entitled to a lien on the fund deposited by The Lima First American Trust Company with the Treasurer of State pursuant to provisions of §710-150, GC, which has been delivered by the treasurer to the Superintendent of

Banks as liquidating officer of said bank, depends first on the jurisdiction of this court to make the order hereinbefore set forth permitting the plaintiff to file the supplemental petition mentioned, and second on the legal right of the minor beneficiaries to file exceptions to the final account of The Lima First American Trust Company as trustee after the original finding and adjudication of said account to which exceptions had not been filed.

Under the rule announced in the case of **Grant v Administrator of Ludlow, 9 Oh St 1,** at pages 31, 32, and **Tinker v Sauer, 105 Oh St 135,** this court in cases of appeal has the same control over the subject matter of the action, the pleadings, and, if necessary, the issuing and service of process, and the final determination of the case as the Common Pleas Court could have exercised.

Under the facts of the case, the filing of such supplemental bill was necessary for the determination of the rights of the minor beneficiaries and the final determination of the case, as the defendant trust company is in the process of liquidation and under ordinary course of procedure would probably be entirely liquidated before the minor beneficiaries arrive at the age of majority, which would leave them wholly without a remedy; and it was the duty of the court to safeguard the rights in minors. **Bennett v Fleming et, 105 Oh St 352.**

This court therefore had jurisdiction and it was its duty to make the order permitting the filing of the supplemental bill.

We will next consider the question of the rights of the minor beneficiaries to file the exceptions. As shown by the record the plaintiff, as successor trustee, had notice and knowledge of the filing and contents of the final account of The Lima First American Trust Company, its predecessor trustee, but did not file any exceptions to the account, and the account was confirmed in the manner hereinbefore set forth without any exceptions being filed. The confirmation and approval of this account had the effect of a judgment insofar as the plaintiff trustee is concerned, and precluded it from attacking such adjudication. The question then arises as to whether the minor beneficiaries of the trust are precluded by such adjudication from excepting to the account.

**Sec 10506-40 GC** provides in part:

"The determination of the Probate Court of the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, as the particular case may require, and shall be final as to all persons having notice of the hearing, except:

(e) As against rights which are saved by statute to persons under disability."

The rights against which the determination of the Probate Court of the settlement of account shall not be final as provided in §10506-40 GC, supra, are fixed by the provisions of the following sections of the General Code, to-wit:

**Sec 10501-17 GC:**

"The Probate Court shall have the same power as the Common Pleas Court to vacate or modify its orders or judgments."

**Sec 11631 GC:**

"The Common Pleas Court or the Court of Appeals may vacate or modify its own judgment or order, after the term at which it was made.

5. For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings.

8. For errors in a judgment shown by an infant within twelve months after arriving at full age as prescribed in §11603 GC."

**Sec 11603 GC:**

"It shall not be necessary to reserve in a judgment or order the right of a minor to show cause against it after attaining the age of majority; but in any case in which, but for this secton, such reservation would have been proper, within one year after his majority, the minor may show cause against such order or judgment;"

In the opinion in the case of **Carey v Kemper, 45 Oh St 93** at page 96, the court, through Judge Minshall, commenting on the effect of this section, states:

"The practice in equity had been to reserve in every decree affecting the inheritance of an infant the right to show cause against it on arriving at full age, and it was error not to do so in all cases where he had the right, on arriving at age, to show cause. The effect of this statute is simply to abrogate the rule requiring that

the right should be reserved in the entry of the judgment."

In the case of **Bennett v Fleming et, 105 Oh St 352**, it is held:

"The code provisions of paragraphs 5 and 8 of §11631, GC, §11603, GC, and §12270, GC, are cumulative and in addition to the right of an infant to impeach a judgment for fraud after arriving at majority, and such a cause based upon proper grounds can be prosecuted by original suit begun in the court where the decree complained of was entered."

Chief Justice Marshall, in the opinion in the above case at page 358, commenting upon the effect of §11603, GC, and the right reserved to the minors under such section, says:

"Other cases have held that the infant should in all cases have his day in court after arriving at full age where his inheritance was affected. If the rule were still one at common law we should be inclined to adhere to the long well settled well understood construction of the rule that had received general application but inasmuch as the common law rule is unsettled and the rule is no longer one at common law but has been declared in Ohio by statute and its limitations are not defined in the statute and no ambiguity is found in the language employed in the statute the only proper construction to give it would be to give the statute universal application and declare that in all cases of judgments against infants they shall be permitted to show cause within twelve months after arriving at full age."

In **31 C. J. at page 1170**, it is stated:

"It has been the practice in equity that a decree against an infant shall first be entered nisi and shall contain a provision giving him a day in court after he becomes of age to show cause against it before it becomes absolute; and when the decree contained such provision the infant is entitled as a matter of course at any time before the decree is made absolute to put in a new answer and have the cause heard again. In many jurisdictions however this practice does not now obtain the necessity for such a reservation being obviated by statutes giving the infant time to show cause after majority."

In **14 R.C.L. at page 296**, in commenting upon the effect of the right reserved to an infant in the decree to show cause, it is stated:

"He may either impeach the decree on the ground of fraud or collusion between the plaintiff and his guardian or he may show error in the decree. He may also show that he has grounds of defense which were not before the court or were not insisted on at the hearing; or that new matter has subsequently arisen upon which the decree may be shown to be wrong."

The judgment of the Probate Court confirming the account of the trustee affected the inheritance of the two minor beneficiaries of the trust, and under the provisions of §§10506-40, 10501-17, 11631 and 11603 GC, and the authorities above mentioned, the right to show cause against said judgment was reserved to such minor beneficiaries and was properly exercised by the guardian ad litem in filing exceptions to the account, unless the appointment of file exceptions thereto precludes the minor the filing of the account and its failure to file exceptions thereto preclude the minor beneficiaries from having exceptions filed in their behalf subsequent to the confirmation of the account.

While the successor trustee had a legal right to file exceptions to the account of its predecessor trustee before confirmation, the minor beneficiaries of the trust by reason of their interest in the trust estate had a separate and independent right to file exceptions and have the same adjudicated. In the case at bar neither the successor trustee nor the minor beneficiaries availed themselves of such rights, and the judgment confirming the account was made without any consideration of the rights of the minor beneficiaries later claimed by them by their guardian ad litem through exceptions to such account filed after confirmation. The theory of representation by the successor trustee of the interests of the minor beneficiaries in the trust estate therefore has no application to the facts of the case at bar as their interests were not in fact presented or represented by such trustee for adjudication and there was in fact no adjudication thereon. The question whether such theory of representation would apply in a case where the interests of the minor beneficiaries were presented by the successor trustee for adjudication by exceptions filed to the account prior to confirmation, is not presented by the facts of this case and is not decided.

The rights of third parties did not intervene from the time of the confirmation

of the account until the filing of exceptions by the guardian ad litem for the minor beneficiaries and are not a subject of consideration in this case.

Applying the statutory provisions and authorities above mentioned and taking into consideration the rule that statutes designed to protect the rights of minors are to be liberally construed to accomplish their purpose, we hold that the minor beneficiaries were not precluded from filing exceptions subsequent to the confirmation of the trustee's account and at any time within one year after the majority of such beneficiaries, where the successor trustee failed to file any exceptions and such account was confirmed without any exceptions being filed.

As the Probate Court had jurisdiction to entertain exceptions to the account filed by the minor beneficiaries through their guardian ad litem, the finding and judgment of said court on said exceptions is conclusive on the defendants as well as the minors, and the judgment of the Probate Court as to the sum of $517.58 being due to the trust on the accounting conclusively establishes the liability of the funds in the hands of the liquidating officer delivered to him by the Treasurer of the State and originally created under §710-150 GC to secure the faithful performance of the trusts by the trust company; and the plaintiff is also entitled to have said claim allowed as a general claim against the assets of said closed bank for the satisfaction of any part thereof not satisfied out of such special fund.

The other item of deposit described in the petition was found by the Probate Court to be a lawful deposit and as to this item, there being no misfeasance or nonfeasance on the part of the trustee, plaintiff is not entitled to any claim on the fund created under the provisions of §710-150 GC and is only entitled to have such claim allowed as a general claim against the closed bank.

For the reasons mentioned, we find that the plaintiff is entitled to a lien on the fund created under the provisions of §710-150 GC, in the hands of the defendant Superintendent of Banks for the amount of the first item above mentioned, to-wit, the sum of $517.58, on an equality with any and all liens of a similar character against such fund which shall be satisfied pro rata out of said fund without interest; and is also entitled to have said claim allowed as a general claim against the assets of said

closed bank for the satisfaction of any part thereof not satisfied out of such special fund, and that the plaintiff is entitled to have the second item of deposit mentioned, to-wit, the sum of $85.75, allowed as a general claim against the assets of said The Lima First American Trust Company in the hands of the defendant Superintendent of Banks for liquidation, and a decree may be entered accordingly at the costs of defendant Superintendent of Banks in charge of the liquidation of The Lima First American Trust Company.

KLINGER, PJ, and CROW, J, concur.