CHASTANG, APPELLANT, *v.* THE MUTUAL LIFE INS. CO.
OF NEW YORK, APPELLEE.

(No. 4631—Decided April 8, 1952.)

*Mr. Ed. D. Schorr* and *Mr. Charles J. Chastang,* for appellant.

*Messrs. Wright, Harlor, Purpus, Morris & Arnold, Mr. Wm. Marshall Bullitt* and *Mr. Louis W. Dawson,* for appellee.

*Per Curiam.* This appeal is on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's action for a declaratory judgment as to his rights as insured under a certain policy of life insurance with double indemnity and permanent disability benefits.

Four errors are assigned, the first of which is:

"The trial court committed prejudicial and therefore reversible error in holding that the petition of the plaintiff should be dismissed and judgment be entered for the defendant."

The answer to this assignment of error depends upon the correctness of the judgment of the trial court on the merits. If the plaintiff is entitled to the relief prayed for, then, manifestly, the court erred in dis-

missing his petition and in entering judgment for the defendant. It may be that on the decision of the trial court there should have been a declaration of rights of the parties, which declaration, if entered, would have been in accord with the contention of the defendant as to the meaning and intent of the policy under consideration.

If the trial court was correct in the conclusion reached in its decision, the failure to enter a declaratory judgment in conformity thereto on behalf of the defendant, if erroneous, could not have been prejudicial to the plaintiff.

The trial court based the judgment of dismissal on an interpretation of the meaning of the policy as to the extent of its loan value to the plaintiff and did not give attention to the sufficiency of the proof of the petition in other aspects. Defendant raises the substantial question of whether the proof establishes an essential element of a declaratory judgment action, viz., whether there is a justiciable controversy between the parties. If not, the judgment of dismissal is correct both in form and substance.

The petition alleges that:

"Defendant has refused, and continues to refuse to loan to him, on the sole security of his said policy, a sum of money equal in amount to the amount of the reserve at the end of the current policy year on the policy and on dividend additions thereto, less interest in advance on such loan to the end of the current policy year, contrary to, and in violation of, plaintiff's contractual rights and defendant's contractual obligations under the said policy and the statutes of Ohio applicable thereto."

This averment is supported by a letter dated January 28, 1948, from plaintiff to defendant and the answer thereto dated February 9, 1948.

We do not doubt that plaintiff had the right to institute an action for a declaratory judgment under Sections 12102-1 and 12102-2, General Code, and his right is not affected by the fact that he may have another remedy. Section 12102-1, General Code; *Flowers* v. *Metcalf, Exr.*, 4 Ohio Opinions, 301, 4 Ohio Supp., 177; *National Bank of Lima* v. *Squire*, 22 Ohio Law Abs., 85; *Village of Bay* v. *Gelvick*, 58 Ohio App., 51, 15 N. E. (2d), 786.

Defendant argues that plaintiff may not maintain a class suit. This is immaterial at this juncture of the case because no relief whatever is awarded to him by the judgment under review. If he is entitled to prevail upon his construction of the policy, a judgment in his behalf, at least, would properly follow. Whether he may maintain an action on behalf of others is not presented on this appeal.

The second error assigned is:

"The trial court committed prejudicial and therefore reversible error in failing to sustain exceptions by plaintiff to self-serving declarations made by defendant in answers filed in the trial court to plaintiff's interrogatories."

We do not find this assignment well made. If the objection of plaintiff to a part of the defendant's answers to plaintiff's interrogatory No. 1 had been sustained it would not materially affect the answer of defendant nor assist the cause of the plaintiff.

That part of the answer to interrogatory No. 2 to which the plaintiff objected is not responsive to the interrogatory, is a conclusion of the defendant and could well have been stricken, but it does not affect the sufficiency of the factual development in the remaining subject matter of the answers respecting the issue on the pleadings.

Objection was made by the plaintiff to the answer

to interrogatory No. 3 upon the claim that it did not contain competent testimony because, in conjunction with the answer to interrogatory No. 2, the defendant assumed that the form of the policy had been duly filed by the defendant with the division of insurance in the state of Ohio and accepted and filed by said division through its Superintendent of Insurance in compliance with the laws of the state of Ohio. It is urged that the statements were self-serving and contained conclusions concerning which the defendant was not qualified to speak, viz., the acceptance by the division of insurance through its superintendent in compliance with the laws of the state of Ohio. The defendant could properly testify that the policy had been duly filed by it with the division of insurance and the acceptance and filing, no doubt, were evidenced by some formal notation known to defendant which would support the statement that it had been accepted and filed, and it was a permissible conclusion to say that the filing of the policy was in compliance with the laws of the state of Ohio. The fact that the policy was issued raises a presumption that it was authorized to be issued by the Superintendent of Insurance. Section 9410, General Code.

The principal and material assignments of error are those set forth in the third and fourth, viz., that the court erred "in failing to hold that defendant, under the said policy of insurance and said G. C. Section 9420, subparagraph 7, is required to loan to plaintiff on the sole security of his said policy of insurance a sum of money equal in amount to the amount of the reserve at the end of the current policy year on the said policy and on dividend additions thereto, less interest in advance on such loan to the end of the current year," and in entering judgment in contradiction of plaintiff's claim.

The question presented by these assignments of error is interesting and relates to the meaning of the applicable sections of the policy in the light of subdivision 7 of Section 9420, General Code (99 Ohio Laws, 139, 172), as it affects the right of the plaintiff to secure a loan in the amount to which he claims he is entitled from the defendant company.

Counsel have filed complete and unusually helpful briefs and have included the written opinion of the Common Pleas Court. We have carefully read these briefs, considered the issues, and examined the determinative question at length. We are in accord with the conclusions reached by the trial court in its written opinion and the reasons therefor. Inasmuch as we could add little, if anything, to this opinion, no good purpose would be served by expanding the literature incident to this case by further discussion.

We merely add this observation that the table of cash and loan values set out in appellant's policy is not required by present Section 9420, General Code, but by a form set out in an earlier section of the chapter. The approval of the Superintendent of Insurance of the form of the policy does not of itself, in our opinion, preclude the construction contended for by the plaintiff.

The pertinent part of subdivision (7) of Section 9420, General Code (99 Ohio Laws, 139, 172), read:

"A provision that after three full years' premiums have been paid, the company at any time, while the policy is in force, will advance, on proper assignment of the policy and on the sole security thereof, at a specified rate of interest, a sum equal to * * * the reserve at the end of the current policy year *on the policy* and on any dividend additions thereto, specifying the mortality table and rate of interest adopted for computing *such reserve* * * *." (Emphasis ours.)

This provision, in our judgment, is ambiguous. That part reading, "the company at any time * * * will advance * * * a sum equal to * * * the reserve at the end of the current policy year on the *policy* and on any dividend additions thereto," without more, lends aid to plaintiff's contention as to its meaning. If it ended with that part which we have quoted the defendant would be hard put to avoid the granting of a loan on the reserve and on dividend additions, however computed, which have been allocated to the policy. However, "such reserve" refers to a reserve computed upon a mortality table. Manifestly, the reserve could not be computed on a mortality table as to the double indemnity for accidental death and permanent disability clauses of the policy. The method of computing the reserve specifically required by the proviso resolves the ambiguity in favor of the contention of the defendant.

The judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.