BAKER, PLAINTIFF-APPELLANT, *v.* BEACHWOOD (CITY) ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25929.   Decided August 2, 1962.

*Messrs. Kalk & Valore,* for plaintiff-appellant.
*Mr. Albert Heavilin* and *Mr. A. H. Dudnik and Associates,* for defendants-appellees.

(CRAWFORD, P. J., KERNS and SHERER, JJ., of the Second Appellate District, sitting by designation in the Eighth District.)

CRAWFORD, P. J.   Plaintiff appellant instituted this action in the court of common pleas alleging that a certain zoning ordinance of the City of Beachwood, in which municipality she owns land, is null, void and of no force or effect, and prayed for a declaratory judgment to that effect.

She further alleged that irreparable damage would result to her and to others similarly situated unless the defendant city were enjoined from issuing building permits pursuant to the allegedly invalid ordinance and unless the other defendants were enjoined from applying for such permits and constructing buildings pursuant thereto.

Issue was joined by the answers of the several defendants. The case was tried, judgment rendered for the defendants, and the petition dismissed. From that judgment plaintiff now appeals.

Several assignments of error are recited, but all revolve about the two contentions that the court erred in denying each of the two types of relief prayed for: (1) declaring the zoning ordinance null and void, and (2) granting injunctive relief.

No bill of exceptions has been furnished. However, the court set forth separately its conclusions of fact and conclusions of law. We are therefore dependent upon these and upon the pleadings for our analysis of the case.

The principal argument as to the invalidity of the ordinance is the alleged failure of the city council in the enactment of the ordinance in question to set forth the exact language of a prior ordinance which was being amended and to repeal any part of the earlier ordinance, as required by Section 731.19, Revised Code.

Section 731.19, Revised Code, reads:

"No ordinance, resolution, or bylaw shall contain more than one subject, which shall be clearly expressed in its title. No bylaw or ordinance, or section thereof, shall be revived or amended, unless the new bylaw or ordinance contains the entire bylaw, ordinance, or section revived or amended, and the bylaw, ordinance, or section so amended shall be repealed. Each such bylaw, resolution, and ordinance shall be adopted or passed by a separate vote of the legislative authority of a municipal corporation and the yeas and nays shall be entered upon the journal."

The pleadings on both sides are in substantial accord that in 1925 the council of the then village of Beachwood enacted a comprehensive zoning ordinance known as Zoning Ordinance No. 70 providing for the division of the territory within the village into zoning classifications; that in 1956 Ordinance No.

70 was amended by Ordinance No. 1956-112 providing for the establishing of a new classification of U-4B, District Shopping Center Uses; that on the same day Ordinance No. 1956-117 was enacted rezoning certain property from Class U-1, Single Family Dwelling House District, to Class U-4B, Shopping Center District; that in 1961 Ordinance No. 1961-84, now in controversy, was enacted by the council rezoning a portion of said property to a Class U-7A Use District, General Office Building.

The amended petition further alleges that plaintiff's property and all the surrounding property, including that described in Ordinance 1961-84, was classified as U-1, Single Family Dwelling House District under Ordinance 70 and remained in said class until the enactment of Ordinance No. 1956-117; that the conditions have not changed since the original zoning as U-1 except that many large and costly residences, including plaintiff's, have been erected, and that the entire area is a desirable residential section; and that plaintiff and other residents of the area erected or purchased their property in reliance upon the maintenance of the general character of the area and the zoning for residential uses only.

The amended petition also alleges that Ordinance No. 1961-84 was improperly enacted as an emergency ordinance and that no emergency existed; that any action taken in reliance upon it will be illegal and void and will cause great and irreparable damage to plaintiff and others; that the city council in enacting Ordinance 1961-84 failed to comply with Section 731.19, Revised Code, in the particulars mentioned earlier in this opinion; and that unless restained the defendants will do the things referred to above as requiring injunction.

The common pleas court's separate conclusions of fact and of law (which also include some facts) are as follows:

## "CONCLUSIONS OF FACT

"1. That plaintiff, Edith S. Baker, is the owner of a parcel or tract of land within the corporate limits of the City of Beachwood, Ohio, by virtue of a warranty deed describing said parcel or tract, a certified copy of which was received in evidence.

"2. That plaintiff, Edith S. Baker, became the owner of said real property on the 20th day of June, 1950, the date of conveyance to her, and there has been no subsequent conveyance of her interest.

420

"3. That on the 5th day of September, 1961, the City Council of the City of Beachwood enacted what is styled Ordinance No. 1961-84, a true and complete copy of which was annexed to the Amended Petition of plaintiff and made a part of the record of this case.

"4. That prior to the enactment by council of Ordinance No. 1961-84 there were in full force and effect in the City of Beachwood, Ohio, zoning ordinances providing for the division of the territory within the City of Beachwood, Ohio, into zoning use classifications including what is known as a Use 4-B, a regional shopping center, and a Use 7-A, a general office building.

"5. That pursuant to the requirements of the zoning ordinances of the City of Beachwood, the City of Beachwood at all times maintained a zoning map duly indicating the various use classifications under the zoning ordinances of the City of Beachwood for which the territory within said City was zoned, a true copy of which zoning map was received into evidence.

"6. That prior to the enactment by the City Council of the City of Beachwood of Ordinance No. 1961-84, the City of Beachwood through its council enacted what is known as Ordinance No. 1956-117 describing an area within the territorial limits of the City of Beachwood as being zoned for a Use 4-B, a regional shopping center, which use was duly indicated on the zoning map of the City of Beachwood and which ordinance in all respects has been duly stipulated by council for plaintiff to be valid and enacted pursuant to the requirements of the laws of the State of Ohio.

"7. That the territory zoned for a Use 7-A, general office building under the provisions of Ordinance 1961-84 is within the territory previously zoned for a Use 4-B under the provisions of Ordinance No. 1956-117 and that said territories are properly indicated on the zoning map of the City of Beachwood received in evidence by this Court.

"8. That the method of indicating any changes in the zoning use classifications of territory within the City of Beachwood is for the City engineer to make such markings and changes on the zone map as to clearly indicate such changes.

"9. That from and after the effective date of the enactment of Ordinance No. 1961-84 the City engineer made such

markings and changes upon the zoning map of the City of Beachwood as were necessary to show that the parcels of land described within said Ordinance were zoned for a Use 7-A or as indicated on the zoning map received in evidence in this case."

## "CONCLUSIONS OF LAW

"1. There is no proof to this Court that Ordinance No. 1961-84 is not a valid, lawful ordinance of the City of Beachwood in full force and effect from and after the date of its approval by the Mayor of the City of Beachwood and in full force and effect upon the trial of this case.

"2. There is no proof to this Court that the language of Ordinance No. 1961-84 is in violation of the statutory provisions and requirements of Section 731.19, Revised Code.

"3. There was no proof before this Court of the construction of any large and costly residences in the vicinity of the territory zoned for Use 7-A nor proof in the record as to the valuation of any homestead erected by plaintiff or in her behalf on the parcel of land conveyed to her as described by the warranty deed received in evidence.

"4. There was no proof to this Court that any property in the City of Beachwood has or will depreciate in value by the zoning of the land indicated on the zoning map of the City of Beachwood as a Use 7-A by the construction of a general office building upon said territory pursuant to said use classification.

"5. There was no proof to this Court of the absence of any emergency or necessity at the time of the passage of Ordinance No. 1961-84, and Ordinance No. 1961-84 itself contains language under Section 3 thereof sufficient in all respects to classify said Ordinance as an emergency Ordinance within the requirements of the laws of the State of Ohio.

"6. There was no proof to this Court that plaintiff or any other resident of the City of Beachwood purchased any real estate therein relying upon the maintenance of the general character of the area or that any portion of the City of Beachwood would be zoned for residential uses only.

"7. There was no proof to this Court that the defendants or anyone else caused to be constructed upon any premises within the corporate limits of the City of Beachwood, including those

premises described in Ordinance No. 1961-84, of any undesirable commercial structure.

"8. There was no proof before this Court that Ordinance No. 1961-84 of the City of Beachwood was null, void and of no force and effect.

"9. There was no proof to this Court to justify enjoining and restraining the City of Beachwood from issuing building permits for construction on the premises described under Ordinance No. 1961-84 for the use classifications provided for in said Ordinance or otherwise to enjoin the defendants as prayed for in the Amended Petition of plaintiff.

"10. There was no proof to this Court to entitle the plaintiff to any of the relief prayed for in her Amended Petition."

Relying as we must upon these conclusions of fact and upon the pleadings, we conclude that the judgment of the court was adequately supported by the facts in evidence.

In view of the extensive argument that the City Council failed to comply with Section 731.19, Revised Code, we set forth the text of Ordinance No. 1961-84 now in question (omitting area boundaries):

"Amending Ordinance No. 70, the Zoning Ordinance of the City of Beachwood, Ohio, and the Zone Map made a part thereof, so as to change the hereinafter described property from a Class U-4B Use District (Shopping Center) to a Class U-7A Use District (General Office Building).

"Whereas, an application has been made to the Council of the City of Beachwood, requesting that the hereinafter described property be changed from its present shopping center zoning classification to a general office building zoning classification, and

"Whereas, said application has been duly filed with the City Planning Commission for its consideration and report, and said Planning Commission has approved such proposed zoning change, and

"Whereas, notice of a public hearing on the aforesaid requested zoning change has been duly given and a full public hearing has been had thereon pursuant to such notice and as prescribed by law, and

"Whereas, the Council deems that the aforesaid zoning change in the hereinafter described property should be made

and the same is conducive to the public health, safety, convenience, prosperity and the general welfare of the community.

"Now, Therefore, Be It Ordained by the Council of the City of Beachwood, State of Ohio:

"*Section 1*: That Ordinance No. 70, the Zoning Ordinance of the City of Beachwood, and the zone map made a part of said ordinance, be changed and amended so as to rezone the following described property from its present Class U 4-B use district to a Class U-7A use district, to wit:

(Description omitted.)

"*Section 2*: That the City Engineer be and he is hereby directed to immediately make the proper markings and changes on the zone map made a part of said Zoning Ordinance No. 70 so as to clearly indicate the aforesaid zoning change in the use district of the above described property from a shopping center use district to a general office building use district.

"*Section 3*: That this ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health and safety of the City of Beachwood. Such necessity exists by reason of the fact that the City is growing rapidly and there is need for a general office building district and additional tax revenue, and for the further reason that before general office building structures may be built, which are now contemplated and needed, the above ordinance providing for a change in zoning so as to provide a general office building area must take effect at the earliest time. Wherefore this ordinance shall take effect and be in force from and after its passage."

Without having before us the earlier ordinance, it is impossible to compare the language. But it appears that the only essential change effected by the ordinance quoted is reflected in the zoning map which was declared to be a part of the earlier ordinance. Hence, it would appear that the map, which is the only "section" of the pre-existing ordinance to be changed, is fully set forth in its amended form and the pre-existing "section" effectively repealed, and that the clarity sought by the provisions of Section 731.19, Revised Code, has been achieved, and that the facts before us do not show a lack of compliance with that statute.

This conclusion is in harmony with the language of the late

Chief Justice Nichols in *State, ex rel. Construction Co.,* v. *Dean,* 95 Ohio St., 108, pp. 120, 121.

In the absence of compelling reasons to the contrary, we must presume the validity of the ordinance. 39 Ohio Jurisprudence (2d), 64, 69, Municipal Corporations, Sections 325, 327.

Upon the record before us, we must also conclude that the court was justified in denying injunctive relief.

No error prejudicial to plaintiff-appellant's rights appearing in the record, the judgment will be affirmed.

Exceptions. Order see journal.

KERNS and SHERER, JJ., concur.

BAKER, PLAINTIFF-APPELLANT, *v.* BEACHWOOD (CITY) ET, DEFENDANTS-APPELLEES.

No. 25929.   Motion No. 12469.

CRAWFORD, P. J.   Defendants appellees move to dismiss this appeal on questions of law.

Plaintiff appellant's amended petition prays for a declaratory judgment and also for injunction. It alleged that a certain purported zoning ordinance changing from Zone U-4B (Shopping Center) to Zone U-7A (General Office Building) certain

lands in the vicinity of premises owned by plaintiff was null and void and should be so declared. It also alleged that unless the defendant city is enjoined from issuing building permits and the other defendants are enjoined from applying therefor and beginning construction of such buildings as provided for in the ordinance, great and irreparable damage will occur to plaintiff and to others similarly situated.

There is no bill of exceptions. However, the several defendants have filed answers and the court of common pleas stated separate conclusions of fact and of law.

The first argument in support of the present motion to dismiss the appeal is that there is no justiciable controversy existing between the parties as required in an action for declaratory judgment under Section 2721.02, Revised Code.

Generally speaking, actions seeking declaratory judgments are available to determine the construction and validity of zoning ordinances. 16 Ohio Jurisprudence (2d), 651, Declaratory Judgments, Section 18. This principle has been applied where a municipality sought construction of a zoning ordinance and its applicability to certain usages which it was claimed were in violation thereof. *Bay* v. *Gelvick*, 58 Ohio App., 51, 11 Ohio Opinions, 457, 25 Ohio Law Abs., 695, 14 N. E. (2d), 786; where lands owned by the petitioner were directly affected, *Henle* v. *Euclid*, 97 Ohio App., 258, 56 Ohio Opinions, 39, 125 N. E. (2d), 355 (appeal dismissed, 162 Ohio St., 280, 55 Ohio Opinions, 151, 122 N. E. (2d), 792); and also where the petitioner owns property which he claims will be adversely affected by the operation of a zoning ordinance pertaining to property in the vicinity of his own, *Clifton Hills Realty Co.* v. *Cincinnati*, 60 Ohio App., 443, 12 Ohio Opinions, 418, 27 Ohio Law Abs., 321, 21 N. E. (2d), 993.

It does not appear that the question of the availability of an action for declaratory judgment was raised in the court of common pleas. Nevertheless, we have looked into the subject. We believe our view that plaintiff's amended petition contains allegations which bring the case within the provisions of the declaratory judgment process is in harmony with the decisions of other Ohio courts.

The second argument in support of the motion to dismiss the appeal is that plaintiff has failed to prove her right to in-

junctive relief. This goes to the merits of the case. Such a contention may be presented when the appeal is heard, but is not a proper basis for summary dismissal of the appeal.

The motion to dismiss the appeal will be overruled.

Exceptions.

KERNS and SHERER, JJ., concur.